# UNITED STATES DISTRICT COURT
for the
Eastern District of California

**FILED**
Feb 18, 2026
CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA

In the Matter of the Search of )
)
A GRAY/SILVER iPHONE 14 ASSIGNED NUMBER (408) )  Case No.  2:26-sw-0115-JDP
913-5522, CURRENTLY LOCATED AT THE )
SACRAMENTO POLICE DEPARTMENT IN )
SACRAMENTO, CALIFORNIA )
)

## APPLICATION FOR A SEARCH WARRANT

I, a federal law enforcement officer or an attorney for the government, request a search warrant and state under penalty of perjury that I have reason to believe that on the following person or property *(identify the person or describe the property to be searched and give its location)*:

**SEE ATTACHMENT A, attached hereto and incorporated by reference.**

located in the    Eastern    District of    California   , there is now concealed *(identify the person or describe the property to be seized)*:

**SEE ATTACHMENT B, attached hereto and incorporated by reference**

The basis for the search under Fed. R. Crim. P. 41(c) is *(check one or more)*:

- ☒ evidence of a crime;
- ☐ contraband, fruits of crime, or other items illegally possessed;
- ☐ property designed for use, intended for use, or used in committing a crime;
- ☐ a person to be arrested or a person who is unlawfully restrained.

The search is related to a violation of:

| Code Section | Offense Description |
|---|---|
| 18 U.S.C. § 922(q)(2)(A) | Possession of a firearm within a school zone |

The application is based on these facts:
**SEE AFFIDAVIT, attached hereto and incorporated by reference.**

- ☒ Continued on the attached sheet.
- ☐ Delayed notice _____ days (give exact ending date if more than 30 days: _____) is requested under 18 U.S.C. § 3103a, the basis of which is set forth on the attached sheet.

/s/ Kyle Roberts
*Applicant's signature*

FBI TFO Kyle Roberts
*Printed name and title*

Sworn to me and signed telephonically.

Date: February 18, 2026

*Judge's signature*

City and state:   Sacramento, California            Jeremy D. Peterson, U.S. Magistrate Judge
*Printed name and title*

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN THE MATTER OF THE SEARCH OF:<br><br>A GRAY/SILVER iPHONE 14 ASSIGNED NUMBER (408) 913-5522, CURRENTLY LOCATED AT THE SACRAMENTO POLICE DEPARTMENT IN SACRAMENTO, CALIFORNIA | Case No. _____ |

**AFFIDAVIT IN SUPPORT OF SEARCH WARRANT**

I, Task Force Officer Kyle C. Roberts, being duly sworn, hereby depose and state as follows:

**INTRODUCTION AND AGENT BACKGROUND**

1.      I am a Detective/Task Force Officer with the Sacramento Police Department and have been since May 13, 2024.  I am currently assigned to the FBI Joint Terrorism Task Force.  As a deputized federal agent, I am authorized to investigate violations of laws of the United States issued under the authority of the United States.  My investigative responsibilities include ideological violent crime.

2.      In July of 2014, I attended the Sacramento Police Academy and graduated in December of 2014.  This academy was certified by the California Commission on Peace Officer Standards and Training (POST).  During this approximately six (6) month long academy, I received basic instruction in all aspects of policing which included but was not limited to: investigation, interviewing, criminal law, arrest procedures, firearms, arrest control, and police tactics.  I also received twenty (20) hours of training from experienced narcotics investigators regarding the identification of illegal narcotics, including but not limited to: methamphetamine, cocaine hydrochloride, cocaine base/rock cocaine, heroin, and marijuana.  These experienced narcotic investigators discussed, demonstrated, and lectured how these drugs were used, transported, packaged for sale, and sold.

3. Since December of 2014 to present, I have conducted, as well as participated in, no less than one hundred (100) preliminary criminal investigations, including but not limited to: homicide, rape, robbery, burglary, assault, fraud, larceny, traffic offenses, and various narcotic related offenses. During these investigations, I conducted interviews with victims, witnesses, and suspects and have made numerous arrests as a result.

4. I am submitting this affidavit in support of an application to search a cellular telephone found on Brian Richard GIRARDOT's person specified in Attachment B hereto, which is a gray/silver iPhone 14, currently in the possession of the Sacramento Police Department ("TARGET CELL PHONE"). There is probable cause to search the TARGET CELL PHONE, as it constitutes the instrumentalities, fruits, and evidence of violations of 18 U.S.C. § 922(q)(2)(A) – possession of a firearm within a school zone as more fully detailed herein.

5. The statements contained in this affidavit are based in part on: information provided by other agencies; written reports about this and other investigations that I have received, directly or indirectly, from other law enforcement agents; independent investigation; and my experience, training, and background as a Task Force Officer with the FBI. Because this affidavit is being submitted for the limited purpose of establishing probable cause to search the TARGET CELL PHONE, I have not included every detail of the investigation. In addition, unless otherwise indicated, all statements contained in this affidavit are summarized in substance and in part.

6. As will be shown below, there is probable cause to believe that evidence of violations of 18 U.S.C. § 922(q)(2)(A), as more specified in Attachment B, will be found in the TARGET CELL PHONE belonging to GIRARDOT that is currently in the possession of the Sacramento Police Department.

## PROBABLE CAUSE

7. St. Mary Catholic Church is a catholic church located at 1133 58th Street in Sacramento. Associated with the church is St. Mary Parish School, which is an adjacent

parochial school located at 1351 58th Street in Sacramento. Both are within the State and Eastern District of California. St. Mary Parish School provides primary and secondary education under California law and has a student population ranging from kindergarten through 8th grade.

8. GIRARDOT Jr.'s younger relative attends St. Mary Parish School. On February 18, 2026, GIRARDOT Jr. drove his younger relative to school and dropped her off at St. Mary Parish School at approximately 7:45 a.m.

9. GIRARDOT Jr. returned at approximately 9:30 a.m. and walked onto the property of St. Mary Catholic Church/St. Mary Parish School. He walked to the front of the Church building and attempted to enter the Church. The Church was in the process of holding an Ash Wednesday mass, which had begun earlier that morning at 8 a.m.

10. GIRARDOT Jr. was stopped and subsequently arrested by an off-duty Sacramento PD detective who was providing security for St. Mary. A loaded Taurus Tracker .44 magnum caliber revolver, serial number AEL820334, was located on GIRARDOT Jr.'s person during a search conducted by Sacramento PD. Sacramento PD also conducted a search of GIRARDOT Jr.'s vehicle where additional ammunition and a camouflage jacket were located. I know from training and experience that Taurus does not manufacture firearms in the State of California, and therefore, this firearm has traveled in interstate commerce.

11. On February 18, 2026, Sacramento PD conducted a search of GIRARDOT Jr.'s residence in Sacramento, California. In a safe in the garage, officers located a Winchester 12-gauge shotgun, serial number 11BMM18368, a Winchester Model 69A .22 caliber rifle, a Ruger Model 1022 .22 caliber rifle, serial number 826-98132, and a Winchester Model 670 .30-06 caliber rifle. Officers located a series of handwritten notes in a stack in GIRARDOT Jr.'s bedroom. One of the notes included the following language: "Suicide Note fuck you!!!" and on the back of this note was written ". . . rest of yall . . . fuck you die!!!" and "Hello oficifer [sic]!" One of the other notes stated: "[relative 1], [relative 2], and [relative 3] All of you are the reason Ive done this."

12. During an interview later that day, GIRARDOT Jr. admitted to writing the notes

officers found in his bedroom but claimed he had written them a while ago and just takes them out and looks at them. The notes were found on top of a pile, however, suggesting that he had recently placed or moved the notes there.

13. GIRARDOT Jr. was a previous student at St. Mary. Sacramento Police Department confirmed GIRARDOT Jr.'s relative was a current student at St. Mary and was on campus during the time of arrest on February 18, 2026.

14. GIRARDOT Jr. has one prior arrest. On June 19, 2024, GIRARDOT Jr. was arrested by California Highway Patrol (CHP) for violations of California Penal Code 602(m) – Trespassing. GIRARDOT Jr. was contacted by CHP at 1618 P Street, Sacramento, California, which was a California state building under construction at the time.

## THE TARGET CELL PHONE

15. At the time of his arrest on February 18, 2026, GIRARDOT had the TARGET CELL PHONE on his person. The Sacramento Police Department seized the TARGET CELL PHONE and entered it into evidence.

## CELLULAR PHONES, ELECTRONIC STORAGE, AND FORENSIC ANALYSIS

16. As described in Attachment B, this application seeks permission to search for items in data in a cellular telephone. The warrant applied for would authorize the seizure of electronic storage media, electronically stored information from that storage media, and potentially, the copying of electronically stored information from that storage media, all under Rule 41(e)(2)(B).

17. *Forensic Evidence.* As further described in Attachment B, this application seeks permission to locate not only files that might serve as direct evidence of the crimes described in the warrant, but also for forensic electronic evidence that establishes how the phone was used, the purpose of its use, who used it, when it was used, and/or where it was used.

18. Information stored within a computer and other electronic storage media may provide crucial evidence of the "who, what, why, when, where, and how" of criminal conduct under investigation, thus enabling the United States to establish and prove each element, or

alternatively, to exclude the innocent from further suspicion. Further, computer and storage media activity can indicate how and when the computer or storage media was accessed or used. For example, as described herein, computers typically contain information that log: computer user account session times and durations, computer activity associated with user accounts, electronic storage media that connected with the computer, and the IP addresses through which the computer accessed networks and the internet. Such information allows investigators to understand the chronological context of computer or electronic storage media access, use, and events relating to the crime under investigation. Additionally, some information stored within a computer or electronic storage media may provide crucial evidence relating to the physical location of other evidence and the suspect. For example, images stored on a computer may both show a particular location and have geolocation information incorporated into its file data. Such file data typically also contains information that can indicate when the file or image was created. The existence of such image files, along with external device connection logs, may also indicate the presence of additional electronic storage media (e.g., a digital camera or cellular phone with an incorporated camera). The geographic and timeline information described herein may either inculpate or exculpate the computer user. Last, information stored within a computer may provide relevant insight into the computer user's state of mind as it relates to the offense under investigation. For example, information within the computer may indicate the owner's motive and intent to commit a crime (e.g., internet searches indicating criminal planning), or consciousness of guilt (e.g., running a "wiping" program to destroy evidence on the computer or password protecting/encrypting such evidence in an effort to conceal it from law enforcement).

19.     The process of identifying the exact files, registry entries, logs, or other forms of forensic evidence on a storage medium that are necessary to draw an accurate conclusion is a dynamic process. While it is possible to specify in advance the records to be sought, computer evidence is not always data that can be merely reviewed by a review team and passed along to investigators. Whether data stored on a computer is evidence may depend on other information stored on the computer and the application of knowledge about how a computer behaves.

Therefore, contextual information necessary to understand other evidence also falls within the scope of the warrant.

20. Further, in finding evidence of how a computer was used, the purpose of its use, who used it, and when, sometimes it is necessary to establish that a particular thing is not present on a storage medium. For example, the presence or absence of counter-forensic programs or anti-virus programs (and associated data) may be relevant to establishing the user's intent.

21. *Nature of examination*. Based on the foregoing, and consistent with Rule 41(e)(2)(B), the warrant I am applying for would permit seizing, imaging, or otherwise copying the phone and would authorize a later review of the media or information consistent with the warrant. The later review may require techniques, including but not limited to computer assisted scans of the entire medium, that might expose many parts of the internal memory to human inspection in order to determine whether it is evidence described by the warrant. The authorization of this examination extends to any agency or party working at the direction or request of the FBI, regardless of the jurisdiction or physical location of the agency or party.

## CONCLUSION

22. Based on the facts set forth above, I have probable cause to believe that evidence of violations of 18 U.S.C. § 922(q)(2)(A), further described in Attachment B, will be found on the TARGET CELL PHONE, which is currently in the possession of the Sacramento Police Department. I, therefore, respectfully request the issuance of a search warrant.

/s/ Kyle Roberts
Kyle C. Roberts
Task Force Officer
Federal Bureau of Investigation

Subscribed and sworn to me before me
over the telephone pursuant to Fed. R.
Crim. P. 4.1 and 4(d) on: February 18, 2026

_____
The Honorable Jeremy D. Peterson
UNITED STATES MAGISTRATE JUDGE




/s/ *Elliot C. Wong*_____
Approved as to form by AUSA Elliot C. Wong

**ATTACHMENT A**

**DESCRIPTION OF ITEM TO BE SEARCHED**

A gray/silver iPhone 14 cell phone with number (408) 913-5522, which the Sacramento Police Department seized from GIRARDOT's person during his arrest on February 18, 2026, which is currently in the custody of the Sacramento Police Department.

# **ATTACHMENT B**

# **ITEMS TO BE SEARCHED FOR AND SEIZED**

1. The items to be searched for and seized are evidence, contraband, fruits, or instrumentalities of violations of 18 U.S.C. § 922(q)(2)(A), those offenses involving GIRARDOT Jr. occurring on or about February 18, 2026, namely:

    a. Records, information, documents, photographs, video recordings, audio recordings, communications, items, materials, and other indicia evidencing the possession or use of firearms or ammunition by GIRARDOT Jr.

    b. All records, information, documents, photographs, video recordings, audio recordings, communications, items, materials, and other indicia pertaining to schools and school zones, specifically including, but not limited to, St. Mary Parish School.

    c. Any and all names, words, telephone numbers, email addresses, time/date information, messages or other electronic data in the memory of the mobile telephone or on servers and associated with the mobile telephone, including:
        i. Incoming call history;
        ii. Outgoing call history;
        iii. Missed call history;
        iv. Outgoing text messages;
        v. Incoming text messages;
        vi. Draft text messages;
        vii. Telephone book;
        viii. Data screen or file identifying the telephone number associated with the mobile telephone searched;
        ix. Data screen, file, or writing containing serial numbers or other information to identify the mobile telephone searched;
        x. Voicemail;
        xi. User-entered messages (such as to-do lists); and
        xii. Stored media such as photographs, video, and audio recordings.

    d. Any passwords used to access the electronic data described above;

    e. Evidence indicating who, how, when and where the cellular telephone was accessed or used, to determine the geographic and chronological context of cellular telephone access, use, and events relating to the crimes under investigation and to the cellular telephone user; and

    f. Evidence indicating the cellular telephone user's state of mind as it relates to the crimes under investigation.

     g.  All internet history for the dates above, including cookies, bookmarks, web history, search terms.

As used above, the terms "records" and "information" include all of the foregoing items of evidence in whatever form and by whatever means they may have been created or stored, including any form of computer or electronic storage (such as flash memory or other media that can store data) and any photographic form.

This warrant authorizes a review of electronically stored information, communications, other records and information disclosed pursuant to this warrant in order to locate contraband, evidence, and instrumentalities of the crimes described in this warrant. The review of this electronic data may be conducted by any government personnel assisting in the investigation, who may include, in addition to law enforcement officers and agents, attorneys for the government, attorney support staff, and technical experts. Pursuant to this warrant, the FBI may deliver a complete copy of the disclosed electronic data to the custody and control of attorneys for the government and their support staff for their independent review.

# UNITED STATES DISTRICT COURT
for the

Eastern District of California

| | |
|---|---|
| In the Matter of the Search of )<br>)<br>A GRAY/SILVER iPHONE 14 ASSIGNED NUMBER )<br>(408) 913-5522, CURRENTLY LOCATED AT THE )<br>SACRAMENTO POLICE DEPARTMENT IN )<br>SACRAMENTO, CALIFORNIA )<br>) | Case No.   2:26-sw-0115-JDP |

## SEARCH AND SEIZURE WARRANT

To:     Any authorized law enforcement officer

An application by a federal law enforcement officer or an attorney for the government requests the search of the following person or property located in the     Eastern     District of     California
*(identify the person or describe the property to be searched and give its location)*:

**SEE ATTACHMENT A, attached hereto and incorporated by reference.**

I find that the affidavit(s), or any recorded testimony, establish probable cause to search and seize the person or property described above, and that such search will reveal *(identify the person or describe the property to be seized)*:

**SEE ATTACHMENT B, attached hereto and incorporated by reference.**

**YOU ARE COMMANDED** to execute this warrant on or before     March 4, 2026     *(not to exceed 14 days)*
☑ in the daytime 6:00 a.m. to 10:00 p.m.     ☐ at any time in the day or night because good cause has been established.

Unless delayed notice is authorized below, you must give a copy of the warrant and a receipt for the property taken to the person from whom, or from whose premises, the property was taken, or leave the copy and receipt at the place where the property was taken.

The officer executing this warrant, or an officer present during the execution of the warrant, must prepare an inventory as required by law and promptly return this warrant and inventory to: <u>any authorized U.S. Magistrate Judge in the Eastern District of California.</u>

☐ Pursuant to 18 U.S.C. § 3103a(b), I find that immediate notification may have an adverse result listed in 18 U.S.C. § 2705 (except for delay of trial), and authorize the officer executing this warrant to delay notice to the person who, or whose property, will be searched or seized *(check the appropriate box)*
    ☐ for    days *(not to exceed 30)*    ☐ until, the facts justifying, the later specific date of       .

Date and time issued:     February 18, 2026 at 6:26 p.m.           *[signature]*
                                                                    *Judge's signature*

City and state:     Sacramento, California            Jeremy D. Peterson, U.S. Magistrate Judge
                                                                                               *Printed name and title*

| **Return** |||
|---|---|---|
| Case No.: | Date and time warrant executed: | Copy of warrant and inventory left with: |
| Inventory made in the presence of : |||
| Inventory of the property taken and name of any person(s) seized: |||

| **Certification** |
|---|
| I swear that this inventory is a true and detailed account of the person or property taken by me on the warrant. <br><br> _____ <br> Subscribed, sworn to, and returned before me this date. <br><br> _____        _____ <br> Signature of Judge                                      Date |

**ATTACHMENT A**

**DESCRIPTION OF ITEM TO BE SEARCHED**

A gray/silver iPhone 14 cell phone with number (408) 913-5522, which the Sacramento Police Department seized from GIRARDOT's person during his arrest on February 18, 2026, which is currently in the custody of the Sacramento Police Department.

# ATTACHMENT B

# ITEMS TO BE SEARCHED FOR AND SEIZED

1. The items to be searched for and seized are evidence, contraband, fruits, or instrumentalities of violations of 18 U.S.C. § 922(q)(2)(A), those offenses involving GIRARDOT Jr. occurring on or about February 18, 2026, namely:

    a. Records, information, documents, photographs, video recordings, audio recordings, communications, items, materials, and other indicia evidencing the possession or use of firearms or ammunition by GIRARDOT Jr.

    b. All records, information, documents, photographs, video recordings, audio recordings, communications, items, materials, and other indicia pertaining to schools and school zones, specifically including, but not limited to, St. Mary Parish School.

    c. Any and all names, words, telephone numbers, email addresses, time/date information, messages or other electronic data in the memory of the mobile telephone or on servers and associated with the mobile telephone, including:
        i. Incoming call history;
        ii. Outgoing call history;
        iii. Missed call history;
        iv. Outgoing text messages;
        v. Incoming text messages;
        vi. Draft text messages;
        vii. Telephone book;
        viii. Data screen or file identifying the telephone number associated with the mobile telephone searched;
        ix. Data screen, file, or writing containing serial numbers or other information to identify the mobile telephone searched;
        x. Voicemail;
        xi. User-entered messages (such as to-do lists); and
        xii. Stored media such as photographs, video, and audio recordings.

    d. Any passwords used to access the electronic data described above;

    e. Evidence indicating who, how, when and where the cellular telephone was accessed or used, to determine the geographic and chronological context of cellular telephone access, use, and events relating to the crimes under investigation and to the cellular telephone user; and

    f. Evidence indicating the cellular telephone user's state of mind as it relates to the crimes under investigation.

      g.  All internet history for the dates above, including cookies, bookmarks, web history, search terms.

As used above, the terms "records" and "information" include all of the foregoing items of evidence in whatever form and by whatever means they may have been created or stored, including any form of computer or electronic storage (such as flash memory or other media that can store data) and any photographic form.

This warrant authorizes a review of electronically stored information, communications, other records and information disclosed pursuant to this warrant in order to locate contraband, evidence, and instrumentalities of the crimes described in this warrant. The review of this electronic data may be conducted by any government personnel assisting in the investigation, who may include, in addition to law enforcement officers and agents, attorneys for the government, attorney support staff, and technical experts. Pursuant to this warrant, the FBI may deliver a complete copy of the disclosed electronic data to the custody and control of attorneys for the government and their support staff for their independent review.